IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOHN C. TOBAR, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FEDERAL DEFENDERS OF THE ) <br> MIDDLE DISTRICT OF GEORGIA, INC., ) <br> and CYNTHIA ROSEBERRY, ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION NO. 5:12-CV-416 (MTT) |

## ORDER

Before the Court is the Defendants' Motion to Dismiss or, in the alternative, Motion for a More Definite Statement. (Doc. 5). For the following reasons, the Motion to Dismiss is **GRANTED in part** and **DENIED in part**. The Motion for a More Definite Statement is **GRANTED**.

### I. BACKGROUND

This is an employment discrimination case. The Plaintiff was an investigator employed with the Federal Defenders of the Middle District of Georgia. He was, according to an "Affidavit" appended to his Complaint, terminated from his position October 30, 2011. (Doc. 1-2). Proceeding pro se, the Plaintiff filed this lawsuit, contending his termination was unlawful discrimination based on his age and disability pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* The Defendants have moved to dismiss the Plaintiff's Complaint for failure to state a claim. In the alternative,

the Defendants ask that the Plaintiff be ordered to file an amended Complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure.

## II.  DISCUSSION

The Federal Rules of Civil Procedure require a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (internal quotations and citation omitted).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief."  *Iqbal*, 129 S. Ct. at 1950 (internal quotations and citation omitted).  "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).  However, when a plaintiff is proceeding pro se, his pleadings may be held to a less stringent standard than pleadings drafted by attorneys and will be liberally construed.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

-3-

### A. DEFENDANT ROSEBERRY

The Plaintiff names Cynthia Roseberry, the Executive Director of the Federal Defenders office, as a Defendant in his Complaint. However, she is not a proper defendant for either disability- or age-based claims. "Individual liability is precluded for violations of the ADA employment discrimination provision." *Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007). Similarly, individuals cannot be held liable under the ADEA. *See Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995). Further, the Plaintiff appears to now concede Roseberry is not a proper Defendant: "The Director's name is added because she was responsible for the unlawful actions. No intent of personal liability was intended." (Doc. 6 at 4). Accordingly, the Plaintiff has not and cannot state a claim against Defendant Cynthia Roseberry, and any claims against her are **DISMISSED with prejudice**.

### B. ADA CLAIMS

The Plaintiff states that he is a disabled Vietnam veteran, and alludes to an allegation that the Federal Defenders office discriminated against him based on this disability. However, to bring an action pursuant to the ADA, he "must first exhaust his administrative remedies, beginning with the filing of a charge of discrimination with the EEOC." *Rizo v. Alabama Dept. of Human Resources*, 228 Fed. Appx. 832, 835 (11th Cir. 2007) (citing *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001)). Here, the Plaintiff's only EEOC charge relates to allegations of age discrimination. (Docs. 1-1, 1-3, 5-3). He did not complain of disability-based discrimination in his EEOC filing, and he has presented no evidence that he ever officially reported an ADA violation to the EEOC or that the agency investigated such a claim. The Plaintiff cannot

maintain an ADA claim in federal court without first seeking administrative relief. Accordingly, the Plaintiff has failed to state a claim pursuant to the ADA against the Defendants, and any such claims are **DISMISSED without prejudice**.

### C. ADEA CLAIMS

"To make out a prima facie case of age discrimination, the plaintiff must show four things: (1) that [he] was a member of the protected group of persons between the ages of forty and seventy; (2) that [he] was subject to adverse employment action; (3) that a substantially younger person filled the position that [he] sought or from which [he] was discharged; and (4) that [he] was qualified to do the job for which [he] was rejected." *Kragor v. Takeda Pharmaceuticals America, Inc.*, 702 F.3d 1304, 1308 (11th Cir. 2012) (citations and quotation marks removed). If the Plaintiff establishes a prima facie case, the employer may rebut with evidence of legitimate, nondiscriminatory reasons for the action taken. *Id.* To prevail, the Plaintiff would ultimately need to show the employer's offered reasons are pretext for discrimination. *Id.*

Thus far, the Plaintiff's allegations of age discrimination appear thin. It is not clear whether this is because of the manner in which the allegations have been pled or whether they simply lack substance. However, given the Plaintiff's pro se status, the Court will afford him an opportunity to amend his Complaint to state viable ADEA claims against Defendant Federal Defenders. His amended Complaint must comply with the Federal Rules of Civil Procedure. For each claim the Plaintiff states, he shall lay out the elements of those claims and state with specificity the facts that satisfy each element. Mere conclusory statements will not suffice. Further, he should state each allegation in separately numbered paragraphs. *See* Fed. R. Civ. P. 10. Only facts supporting his

claims for age discrimination should be included – discussion of other job-related problems or complaints that do not address age discrimination should be omitted.

### III. CONCLUSION

Accordingly, the Defendant's Motion for a More Definite Statement is **GRANTED** as to the Plaintiff's age discrimination claims.  The Plaintiff shall, within **14 days**, file an Amended Complaint that complies with this Order.  Failure to do so within this time period may result in dismissal of the Plaintiff's Complaint with prejudice.  Upon the Plaintiff's filing of his Amended Complaint, Defendant Federal Defenders must, within **14 days** of that date, file an Amended Motion to Dismiss or an Answer to the Amended Complaint.

**SO ORDERED**, this 5th day of February, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
